L ABORDE, Judge,
dissenting.
To accept the majority view is to completely disregard the clear language of Louisiana Civil Code Article 160 which mandates that the trial court “shall consider ... the time necessary for the recipient to acquire appropriate education, training, or employment .... ” (emphasis added). Without even attempting to acquire appropriate education, training or employment, Mrs. Nash, should not be permitted the option of continuing that status and contend in defense to a petition for reduction that the circumstances have not changed. If Mrs. Nash were 24 years old instead of 54, would the majority still adhere to their view?
The trial court interpreted Article 160, specifically the phrase, “the time necessary for the recipient to acquire appropriate education, training or employment” as follows:
“. .. the spouse who is due alimony must now make an effort to acquire appropriate education and training to become employed unless she is unable to because of age, health or some other circumstance. She cannot because of indolence, spite or revenge refuse to contribute to her own needs.”
The trial court did not eliminate alimony entirely. The reduced award is still substantial. Mrs. Nash has obligations she needs to fulfill under Article 160. Within the evident meaning of Article 160 it is impossible for me to see any abuse of discretion by the trial court.
For these reasons, I respectfully dissent.